#06 59 88

ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
JAN - 9 2007
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **ROBERT INGRUM** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| | § | |
| | § | |
| | § | **No.** 07- 12 L |
| **v.** | § | |
| | § | |
| **THE UNITED STATES OF AMERICA** | § | |
| | § | |
| ***Defendant.*** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Robert Ingrum, Plaintiff, through his undersigned counsel, and alleges as follows:

## I.
## PARTIES

1.1 Plaintiff is an individual residing in Austin, Travis County, Texas.

1.2 Defendant is the United States of America, acting by and through the United States Army Corps of Engineers.

## II.
## NATURE OF THE ACTION

2.1 Plaintiff brings this action seeking an award of just compensation under the Fifth Amendment to the Constitution of the United States for the value of property owned by the Plaintiff which has been taken by the United States through action by the Army Corps of Engineers, impairing full use of the Plaintiff's property.

## III.
## JURISDICTION

3.1 This court has jurisdiction over this controversy under the Tucker Act, 28 U.S.C. §§ 1346(a), 1491.

## IV.
## THE BASIS OF THE CONTROVERSY

4.1 In 1998, Plaintiff purchased 3,300 acres of rural, undeveloped land near Candelaria, Texas. Plaintiff also had the property under contract for three or four years proceeding closing, during which time he had access to the property. Due to the rural nature of the property and the length of the drive from his home in Austin, Texas (15 hours), Plaintiff visited the property approximately once a year.

4.2 The only access into and across the subject property is a portion of an unpaved road that connects to Highway 170, and is known as the "River Road." The "River Road" is used by the United States Border Patrol to interdict narcotics and smugglers. In March through April of 1999, the Army Corps of Engineers completed a mission to repair several miles of the road.

4.3 The "River Road" crosses the land of several private landowners, including Plaintiff's ranch. Before beginning work on the road, the Government obtained written "Rights of Entry" to allow the Government to enter onto the owner's land to repair the road. The "Rights of Entry", however, did not grant the Government the right to use materials from the land unless permission is given by the landowner. Plaintiff executed such an agreement on March 13, 1999

4.4 After completion of the road work by the Army Corps of Engineers, Plaintiff discovered that the road had been reworked in such a fashion that it had no drainage, rendering the road and the surrounding area a virtual lake most of the year. The quagmire conditions caused the access point to the property to be impassable each time that Plaintiff attempted to visit, thereafter.

4.5 In May of 2004, Plaintiff was informed by a neighboring property owner (who had trespassed upon the property from his adjoining land to access the Rio Grande river) that, for use in the reconstruction of the River Road on Plaintiff's property, the Army Corps Engineers had excavated a substantial amount of landfill from Plaintiff's property for use as road base. Removal of the materials left a pit on Plaintiff's property with an approximate area of 35,000 sq. ft. and a height of about twenty feet. This material was removed without the Plaintiff's knowledge or consent. Because the army Corp of Engineers' construction of the road prohibited Plaintiff from accessing his property, and because the excavation pit was not visible from the normal entrance to the property, the damage was undiscoverable to Plaintiff until he was thusly informed.

## V.
## CAUSE OF ACTION
## Taking Without Just Compensation

5.1 The allegations set forth in paragraph I through IV are hereby re-alleged and re-averred in this Count I.

5.2 The action of the United States, acting by and through the Army Corps of Engineers, to excavate landfill from the Plaintiff's property without his consent impairs his beneficial use of the property.

5.3 As a result of these actions, the United States has taken Plaintiff's property without just compensation in violation of the Fifth Amendment to the United States Constitution. Plaintiff is entitled to an award of just compensation for the taking of the landfill.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Robert P. Ingrum, prays that after due proceedings are had, there be judgment herein in Plaintiff's favor and against Defendant, the United States of America, as follows:

1. Declaring that the actions of the Defendant in removing materials from the property without consent constitute a taking of private property for public use in violation of the Plaintiff's rights under the Fifth Amendment to the United States Constitution;
2. Awarding Plaintiff the minimum amount of $324,000.00 representing just compensation for these actions of the Defendant;
3. Awarding Plaintiff interest on said judgment amount in the amount of 10% per annum;
4. Awarding Plaintiff reasonable and necessary attorney's fees incurred in bringing and prosecuting this action;
5. Awarding Plaintiff costs of court; and
6. Such other and further relief to which Plaintiff may show himself entitled.

Dated this 8th day of January, 2007.

Respectfully submitted,

MINTON, BURTON, FOSTER & COLLINS
A Professional Corporation
1100 Guadalupe
Austin, Texas 78701
(512) 476-4873
(512) 479-8315 (Fax)

By:______________________________

JOHN C. CARSEY
TEXAS STATE BAR NO. 03898800