**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **ROBERT INGRUM,** | |
| **Plaintiff,** | **No. 07-12L** |
| **v.** | |
| | **Hon. Mary Ellen Coster Williams** |
| **THE UNITED STATES OF AMERICA,** | |
| **Defendant.** | |

**MOTION TO DISMISS AND**
**MEMORANDUM IN SUPPORT THEREOF**

**MOTION**

Pursuant to Rules 12(b)(1) and 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC"), Defendant, the United States, hereby moves to dismiss for lack of jurisdiction, because Plaintiff untimely filed this action under 28 U.S.C. § 2501. The federal action allegedly giving rise to Plaintiff's taking claim occurred in March through April 1999. Pursuant to 28 U.S.C. § 2501, Plaintiff thus had six years from April 1999 to bring a claim against the United States, until some time in April 2005. Plaintiff did not file suit, however, until January 9, 2007, which is more than nineteen (19) months after the statute of limitations had expired. This Court, therefore, does not have jurisdiction over this action, and it must be dismissed pursuant to RCFC 12(b)(1).[1/] For its grounds in support of this motion, the United States refers the Court to its Memorandum, below.

[1/] Alternatively, this action must be dismissed pursuant to RCFC 12(b)(6), because it was untimely filed under 28 U.S.C. § 2501.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

This action was untimely filed under the applicable six-year statute of limitations, 28 U.S.C. § 2501, and must be dismissed. Plaintiff acknowledges in his Complaint that the federal action allegedly giving rise to his taking claim occurred in March through April 1999. Plaintiff thus had six years from April 1999 to bring a claim against the United States, or until some time in April 2005. This action, however, was not filed until January 9, 2007, which is more than nineteen (19) months after the statute of limitations had expired. This Court, therefore, does not have jurisdiction over this action, and it must be dismissed.

## I. FACTUAL BACKGROUND[2/]

Plaintiff alleges that he owns 3,300 acres of land near Candelaria, Texas. Compl. ¶ 4.1. The only way to access this property is by "an unpaved road that connects to Highway 170, [which] is known as the 'River Road.'" Compl. ¶ 4.2. River Road is used by the U.S. Border Patrol to interdict narcotics being smuggled into the United States from Mexico, across the adjacent Rio Grande.[3/] See id. In March through April 1999, the United States repaired several miles of the road, including the portion of the road that crosses Plaintiff's property.[4/] Compl. ¶¶ 4.2, 4.3. "Before beginning work on the road, the Government obtained written 'Rights of Entry'

[2/] For purposes of this motion only, Defendant accepts as true all factual allegations raised by Plaintiff in his complaint, except where the allegations relate to this Court's jurisdiction. See Ferreiro v. United States, 350 F.3d 1318, 1324 (Fed. Cir. 2003).

[3/] The U.S. Border Patrol is now part of U.S. Customs and Border Protection, a component of the Department of Homeland Security.

[4/] Plaintiff alleges that the work was performed by the Army Corps of Engineers, however, it was actually performed by a different federal governmental engineering unit. That distinction is not material, and Defendant will refer to the federal governmental unit involved as the "United States" or the "Government."

to allow the Government to enter onto the owner's land to repair the road." Compl. ¶ 4.3. Plaintiff executed such a "Rights of Entry" agreement on March 13, 1999. Id.

Plaintiff alleges that he was informed by a neighbor in May 2004 that the Government "had excavated a substantial amount of landfill from Plaintiff's property for use as road base." Compl. ¶ 4.5. This excavation allegedly "left a pit on Plaintiff's property with an approximate area of 35,000 sq. ft. and a height of about twenty feet."[5/] Id. Plaintiff contends that this landfill material was removed without his knowledge or consent, and is seeking $324,000 as "just compensation." Compl. ¶ 4.5 & at 4.

## II. PROCEDURAL BACKGROUND

On August 2, 2006, Plaintiff filed a complaint in the United States Court of Federal Claims arising from the same events alleged in this action. See Robert Ingrum v. United States, CFC No. 06-566L (Fed. Cl.). Defendant moved to dismiss that action on December 1, 2006, on the ground that the Court did not have jurisdiction because the limitations period under 28 U.S.C. § 2501 had expired. Before Plaintiff responded to the Defendant's motion, however, Plaintiff filed an unopposed motion to voluntarily dismiss that action to cure a potential jurisdictional problem arising under 28 U.S.C. § 1500 (Plaintiff had filed suit against the United States for a taking arising from the same events in the U.S. District Court for the Western District of Texas on August 1, 2006). On December 19, 2006, the Court granted Plaintiff's unopposed motion to

---

[5/] Defendant assumes that Plaintiff intended to state that the pit had a depth of about 20 feet.

voluntarily dismiss, without prejudice to re-filing. Plaintiff re-filed his complaint on January 9, 2007.[6/]

## III. ARGUMENT

This action should be dismissed because it was filed well more than six years after the date upon which Plaintiff's claim accrued. See 28 U.S.C. § 2501. Plaintiff's claim accrued in April 1999 when the road work across Plaintiff's property was completed. By that date, the Plaintiff should have been aware of a potential claim against the United States. The excavation pit allegedly created by the Government on Plaintiff's property was in plain view, as a neighbor allegedly brought the pit to Plaintiff's attention. Certainly, if Plaintiff had undertaken any inquiry or investigation, he would have learned of the alleged use of the landfill material by the Government for the road repairs. Because Plaintiff's claim accrued in April 1999, this action should have been filed no later than April 2005. This action, therefore, must be dismissed because it was untimely when filed on January 9, 2007.

### A. The Applicable Standard under RCFC 12(b)(1)

Whether this Court has jurisdiction to hear a plaintiff's claim is a question of law. See Toxgon Corp. V. BNFL, Inc., 312 F.3d 1379, 1381 (Fed. Cir. 2002) ("the existence of subject matter jurisdiction is a question of law"); Maher v. United States, 314 F.3d 600, 603 (Fed. Cir. 2002) (noting that the Federal Circuit reviews de novo whether the Court of Federal Claims possessed jurisdiction because this is a question of law), cert. denied, 540 U.S. 821 (2003). In the Court of Federal Claims, the statute of limitations 'is a jurisdictional requirement attached by

[6/] Because the related district court action was voluntarily dismissed in December 2006, the previous defect existing under 28 U.S.C. § 1500 does not appear to exist in the present action.

Congress as a condition of the government's waiver of sovereign immunity and, as such, must be strictly construed.'" MacLean v. United States, 454 F.3d 1334, 1336 (Fed. Cir. 2006) (quoting Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1576-77 (Fed. Cir.1988)). "[U]nder [Court of Federal Claims] Rule 12(h)(3) this court is mandated to. . . dismiss the action '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter . . . .'" Truckee-Carson Irrigation Dist. v. United States, 14 Cl. Ct. 361, 368, aff'd, 864 F.2d 149 (Fed. Cir. 1988) (quoting RCFC 12(h)(3)) (emphasis as in original).

When deciding a motion to dismiss based on a lack of subject matter jurisdiction, pursuant to RCFC 12(b)(1), the court must assume that all undisputed facts alleged in the Complaint are true and must draw all reasonable inferences in the non-movant's favor. Newby v. United States, 57 Fed. Cl. 283, 290 (2003). "Once the court's subject matter jurisdiction is put into question, it is 'incumbent upon [the plaintiff] to come forward with evidence establishing the court's jurisdiction. [The plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.'" Patton v. United States, 64 Fed. Cl. 768, 773 (2005) (quoting Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)) (alterations as in original).

**B. Claim Accrual under the Statute of Limitations, 28 U.S.C. § 2501**

The applicable six-year statute of limitations states that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim **first accrues**." 28 U.S.C. § 2501 (emphasis added). "A cause of action first accrues when all the events which fix the government's liability have occurred and the plaintiff was or **should have been** aware of their existence." Jakoby v. United

States, 38 Fed.Cl. 192, 194 (1997), aff'd, 152 F.3d 940 (Fed. Cir. 1998) (emphasis added). "Constructive knowledge of a cause of action, rather than actual knowledge, is all that is required to trigger the running of the statute of limitations." Patton, 64 Fed. Cl. at 774 (citing Mitchell v. United States, 10 Cl. Ct. 63, 68 (1986)). Additionally, the six-year statute of limitations "is a jurisdictional requirement attached by Congress as a condition of the government's waiver of sovereign immunity and, as such, must be strictly construed." Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1576-77 (Fed. Cir. 1988).

**C. Plaintiff's Claim Accrued in 1999, When He Should Have Known About the Events Giving Rise to His Claim**

There is no dispute that the governmental action that forms the basis for Plaintiff's takings claim was completed during April, 1999. Compl. ¶ 4.2. Plaintiff implies in his Complaint, however, that he did not learn that the Government excavated landfill for the road base until May 2004, when a neighbor so informed him. Compl. ¶ 4.5. Assuming that is a fact for the purposes of this motion, the question now before the Court is whether Plaintiff should have known in 1999 that the Government had excavated a "substantial amount of landfill," giving rise to his claim. The plain answer is "yes," as discussed below.

Certainly, Plaintiff was aware that the Government was performing road work on his property in 1999, because he "executed . . . an agreement on March 13, 1999," giving the Government the right to enter his land to repair the road. Compl. ¶ 4.3. Also, for the purposes of this motion, there is no dispute that the amount of material excavated for the road base was "substantial," as alleged. Compl. ¶ 4.5. Indeed, Plaintiff alleges that the pit left on his property after the landfill was excavated measures "35,000 sq. ft. and a height of about twenty feet." Id.

It may reasonably be inferred that the excavation pit is open, in plain view, because a neighbor brought the excavation pit to Plaintiff's attention. Compl. ¶ 4.5. Although the property is rural, Plaintiff concedes that he visits the property "approximately once a year." Compl. ¶ 4.1. The allegations in the Complaint show that Plaintiff should have known that the Government had excavated landfill material from his property in 1999, giving rise to a potential claim.[7/] Based on the facts alleged in the Complaint, therefore, Plaintiff's claim accrued in 1999, and this action was filed untimely in 2007.

Moreover, as a matter of law, Plaintiff's claim accrued in 1999 and is time barred. "The assumption underlying the 'all events' test is that an individual will act with reasonable diligence in the protection of his interests and in so doing, the individual will become aware of acts of another that invade or injure his interests." Patton, 64 Fed. Cl. at 774 (citing Mitchell, 10 Cl. Ct. at 67). "Reasonable diligence requires that where there is reason to suspect[,] there is reason to inquire and, therefore, [w]hatever is notice enough to excite attention and put the party on his guard and call for inquiry, is [also] notice of everything to which such inquiry might have led." Id. (quoting Mitchell, 10 Cl. Ct. at 67-68) (internal quotation marks omitted) (alterations as in original). In other words, "[a] claimant is charged with notice of whatever facts an inquiry appropriate to the circumstances would have uncovered." Id. (quoting Mitchell, 10 Cl. Ct. at 68) (internal quotation marks omitted).

---

[7/] Plaintiff's allegation (newly asserted in his second complaint) that the road was impassable each time he visited the property, apparently preventing him from discovering the excavation (Compl. ¶ 4.5), does not relieve him from his duty to investigate. Nor does it alter the open and notorious nature of the excavation. Clearly, if the neighbor was able to observe that landfill material had been excavated (see id.), plaintiff also could have made the same observation.

In LaFont v. United States, 17 Cl. Ct. 837 (1989), the plaintiff argued that the statute of limitations under 28 U.S.C. 2501[8/] did not begin to run until he discovered the damages to his oyster lease from dredging operations conducted on behalf of the Corps of Engineers. LaFont, 17 Cl. Ct. at 842. Plaintiff was aware that the dredging operations were taking place in the waterway, but alleged that he did not discover the damages until two or three weeks later. Id. As the Court observed, however, the plaintiff did not allege that "the Corps concealed the dredging operations so that plaintiff was unaware of its existence." Id. The "[d]redging in the Waterway was an obvious act and one undoubtedly known to plaintiff . . . ." Id. Additionally, the spoils from the dredging operation were "visible to the naked eye. . .[and] [t]here is also no allegation that the existence of damages was inherently unknowable on [the date upon which the dredging operation was completed]." Id. The court concluded, therefore, that the "plaintiff was, or should have been, on inquiry that he had a potential claim on or before [the date upon which the dredging was completed]." Id. (citing Braude v. United States, 218 Ct. Cl. 270, 273-74 (1978); Japanese War Notes Claimant's Ass'n, Inc. v. United States, 178 Ct. Ct. 630, 634-35 (1967)). Accordingly, the fact that the plaintiff did not discover the damages to his leased oyster bed until three weeks after the project was completed did not preclude the statute of limitations from barring his claim. LaFont, 17 Ct. Cl. at 843.

Here, there is no dispute that Plaintiff was aware in 1999 that the United States was performing road work on his property in March and April that year, because he executed a "Rights of Entry" agreement on March 13, 1999. Compl. ¶ 4.3. Reasonable diligence at that

---

[8/] Because the plaintiff's claim arose from damage to an oyster bed, it came before the court under 28 U.S.C. § 1497, with respect to which a two-year statute of limitations applied under 28 U.S.C. § 2501. LaFont, 17 Cl. Ct. at 838 nn.1 & 2.

time would have revealed that the United States used landfill material from Plaintiff's property. The "35,000 sq. ft." excavation pit was visible to the naked eye. As a matter of law, therefore, Plaintiff is charged with notice of the facts that a reasonable inquiry would have uncovered, and his claim accrued in April 1999. Because Plaintiff's claim accrued in April 1999, it was not timely filed on January 9, 2007.

## IV. CONCLUSION

Plaintiff's claim, if any, accrued in April 1999, and expired in April 2005. Because this action was filed more than 19 months after the expiration of the six-year limitations period, Plaintiff's takings claim is time-barred and this action must be dismissed.

Respectfully submitted,

MATTHEW J. McKEOWN
Environment & Natural Resources Division
Acting Assistant Attorney General

Dated: February 20, 2007

/s/ Bruce K. Trauben
Bruce K. Trauben
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0238 (phone)
(202) 305-0267 (fax)

OF COUNSEL:
Major Patrick Gary
U.S. Army Litigation
901 N. Stuart Street
Suite 400
Arlington, VA 22203
(703) 696-1618