# In the United States Court of Federal Claims

**No. 07-12L**
**(Filed: June 26, 2007)**

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**ROBERT INGRUM,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**Fifth Amendment Taking; Statute of Limitations; 28 U.S.C. § 2501; Accrual of Cause of Action; Equitable Tolling.**

John C. Carsey, Minton, Burton, Foster & Collins, P.C., 1100 Guadalupe Street, Austin, Texas 78701, for Plaintiff.

Bruce K. Trauben, U.S. Department of Justice, P.O. Box 663, Washington, D.C. 20044-0663, for Defendant.

---

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

---

**WILLIAMS, Judge**

Plaintiff, Robert Ingrum, brings the instant takings suit under the Fifth Amendment to the Constitution seeking $324,000 in compensation for the Government's removal of landfill material from his property in April 1999.

This matter comes before the Court on Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). Defendant argues that Plaintiff's claim was filed 19 months after the six-year statute of limitations had run. Because there are factual issues concerning when this action accrued and whether the claim was inherently unknowable, Defendant's motion to dismiss is denied without prejudice pending further development of the record.

**Background**[1]

Plaintiff is the owner of 3,300 acres of rural, undeveloped land near Candelaria, Texas, known as his ranch. Compl. ¶ 4.1. The only access into and across the property is an unpaved road called the "River Road" that runs across his land and the land of several other private owners. Id. ¶¶ 4.2, 4.3. The River Road has been used by the United States Border Patrol to interdict narcotics and smugglers. Id. ¶ 4.2.

On March 13, 1999, Plaintiff executed a written agreement entitled "Rights of Entry," allowing the Army Corps of Engineers (the Corps) to enter his land and repair several miles of the road. Id. ¶ 4.3. The Rights of Entry prohibited the Government from using materials from Plaintiff's land without his permission. Id. ¶ 4.3. Work on the road was completed in April 1999. Compl. ¶ 4.2.

Plaintiff alleges that he was unable to enter his property after the work was completed, stating:

> [T]he road had been reworked in such a fashion that it had no drainage and the road and the surrounding area had been rendered a virtual lake. During the ensuing five years, I (1) attempted to enter my property personally on five or six occasions, only to find that the entrance was impassable, and (2) stayed in frequent contact with the Border Patrol by telephone on numerous occasions to determine if I was able to access my property if I made the arduous drive from Austin, only to be told that the entrance to the property was impassible. While I was aware that the Defendant had poorly constructed the road that I had given access to my property for Defendant to rebuild, I was in no way put on notice that Defendant had violated the "Rights of Entry" agreement by using my property in the construction of the road without my permission.

Ingrum Aff. ¶ 5

In May 2004, a neighbor who had trespassed – walking from his adjoining property onto Plaintiff's land – informed Plaintiff that the Army Corps of Engineers had excavated a substantial amount of land for use as a road base, leaving a hole measuring 35,000 square feet and 20 feet deep on Plaintiff's property. Ingrum Aff. ¶ 6. Plaintiff alleges that the material was removed without his knowledge or consent. Further, Plaintiff avers that because the flooding of the reconstructed road, which was "the only access into and across the subject property," prevented him from entering the land, he was unable to discover the hole until he was informed by his neighbor in May 2004. Id. ¶¶ 3, 6.

---

[1] This background is derived from the Complaint, Defendant's motion papers and the affidavit of Robert Ingrum (Apr. 20, 2007) filed in response to Defendant's Motion to Dismiss.

Plaintiff filed this action on January 9, 2007, and Defendant moves, pursuant to RCFC 12(b)(1) and 12(h)(3), to dismiss Plaintiff's action as time-barred under 28 U.S.C. § 2501.

## Discussion

When reviewing a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1), the court must view all facts alleged in the complaint as favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).[2] A court may look to evidence outside the pleadings to determine the existence of subject matter jurisdiction. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988). "If the court concludes that it lacks subject matter jurisdiction over a claim, RCFC 12(h)(3) requires the court to dismiss the claim." Forsgren v. United States, 73 Fed. Cl. 135, 138 (2006). The court should grant a motion to dismiss only if it appears "'beyond doubt that [the plaintiff] can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief.'" Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 654 (1999) (quoting Conley v. Gibson, 355 U.S. 41, 45-6 (1957)).

Under the Tucker Act, this Court has jurisdiction over the claim in this action because it is founded upon the Constitution. 28 U.S.C. § 1491(a)(1) (2000). The applicable statute of limitations, 28 U.S.C. § 2501, states that "every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (2000).

### Accrual

Under 28 U.S.C. § 2501, the six-year statute of limitations begins to run when the claim first accrues. 28 U.S.C. § 2501 (2000). A takings claim accrues when all the events which fix the government's alleged liability have occurred and the plaintiff knew or should have been aware of their existence. John R. Sand & Gravel Co., 457 F.3d at 1355-56 (citing Goodrich v. United States, 434 F.3d 1329, 1333 (Fed. Cir. 2006)); Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1577 (Fed. Cir. 1988).

Defendant argues that this claim accrued when the Corps removed Plaintiff's land during the reconstruction of the River Road in April 1999. Plaintiff argues his claim accrued in May 2004, when a neighbor notified him that Defendant had removed a large portion of landfill from his land. Although the Corps removed Plaintiff's land in April 1999, it is unclear on the current record whether Plaintiff should have known of this at that time. The record does not reveal from what

---

[2] The issue of whether a plaintiff's failure to file within the statute of limitations, 28 U.S.C. § 2501, divests this Court of subject matter jurisdiction is pending before the United States Supreme Court. John R. Sand & Gravel Co. v. United States, 457 F.3d 1345 (Fed. Cir. 2006), cert. granted, 75 U.S.L.W. 3474, 2007 U.S. LEXIS 6101 (U.S. May 29, 2007) (No. 06-1164). The Federal Circuit held that the United States Court of Federal Claim lacks jurisdiction over an action filed outside of the six-year statute of limitations. Id.

vantage the hole could be observed, where on Plaintiff's 3,300 acres of land the hole was, whether access to the hole was blocked by the Corps' flooding of the River Road, and how often and when Plaintiff tried to access the land or contacted the Border Patrol about the condition of the road. Defendant's inference that the hole on Plaintiff's land was in open, plain view is not supported by the Complaint or Plaintiff's affidavit. See Def. Mot. to Dismiss at 7. While Plaintiff's neighbor eventually viewed the damage to Plaintiff's land, it is not clear how this neighbor accessed the land or how far he had to travel before the hole became visible. The neighbor's ability to see the hole does not establish that the hole was capable of being seen by Plaintiff, especially if, as Plaintiff maintains, the only access to his 3,300-acre ranch, the River Road, was unpassable. Further, Plaintiff asserts he had no basis to believe that Defendant violated the terms of their "Rights of Entry" agreement – another matter which bears exploring. In sum, the Court cannot ascertain when Plaintiff should have known about his cause of action or when his taking claim accrued. Cf. Thorn v. Jefferson-Pilot Life Ins. Co., 445 F.3d 311, 320 (4th Cir. 2006) ("Examination of whether a particular plaintiff possessed sufficient information such that he knew or should have known about his cause of action will generally require individual examination of testimony . . . to determine what he knew and when he knew it.").

**Equitable Tolling**

Nor can the Court determine on this record whether the doctrine of equitable tolling should be applied. The judicially crafted doctrine of equitable tolling allows plaintiffs to bring an action beyond the statute of limitations deadline where they could not become aware of their claim because of circumstances beyond their control. Catellus Dev. Corp. v. United States, 31 Fed. Cl. 399, 407-08 (1994). Equitable tolling stops the running of the statute of limitations if "despite all due diligence, plaintiffs are unable to obtain essential information concerning the existence of their claim." Weddel v. Sec'y of Health & Human Services, 100 F.3d 929, 931 (Fed. Cir. 1996).

The United States Court of Appeals for the Federal Circuit has not ruled on the issue of whether equitable tolling applies to 28 U.S.C. § 2501. Wells v. United States, 420 F.3d 1343, 1347 (Fed. Cir. 2005) (explaining that the Federal Circuit has "yet to determine whether Congress intended equitable tolling to apply to the limitations period in 28 U.S.C. § 2501"); see also MacLean v. United States, 454 F.3d 1334, 1339 (Fed. Cir. 2006) (holding that it was not necessary to decide whether equitable tolling is available to suspend the statute of limitations in § 2501, because "even if . . . it is, [Plaintiff] has not made a sufficient factual showing").

Assuming, *arguendo*, that equitable tolling could be applied to this claim, further development of the record is necessary to determine if Plaintiff can establish a factual predicate for invoking the doctrine. Equitable tolling is only appropriate when a plaintiff can show either (1) that the defendant has concealed its acts, or (2) that the injury was "inherently unknowable" at the accrual date. See Alliance of Descendants of Tex. Land Grants, 37 F.3d 1478, 1482 (Fed. Cir. 1994) (citing Japanese War Notes Claimants Ass'n of Phil. v. United States, 373 F.2d 356, 359 (Ct. Cl. 1967)).

In the present case, Plaintiff does not allege that Defendant has concealed the act of taking his land. Rather, Plaintiff asserts that the removal of his land and the resulting hole were inherently unknowable in 1999, and only became knowable once his neighbor informed him of the damage in May 2004. An inherently unknowable injury is "that which is unknowable by its very essence." Catellus, 31 Fed. Cl. at 407. The Court of Claims found an inherently unknowable injury when defendant deliver[ed] the wrong type of fruit tree to plaintiff and the wrong could not be determined until the tree bore fruit. Japanese War Notes, 373 F. 2d at 359. The standard for determining whether a claim is knowable is an objective one, under which the statute of limitations will be tolled only if a plaintiff can show there was not sufficient opportunity to discover the facts giving rise to his claim on the accrual date. See Cherokee Nation of Oklahoma v. United States, 26 Cl. Ct. 798, 801-02 (1992). "[T]he Court must focus on the claimant's access to the facts" in determining whether an injury is inherently unknowable. Central Pines Land Co. v. United States, 61 Fed. Cl. 527, 534 (2004). A claim that is "somewhat difficult to discover" is not inherently unknowable. See Catellus, 31 Fed. Cl. at 400, 407 (finding that a plaintiff whose only method of accessing his land was by helicopter or by a combination of off-road driving and hiking was required to file a claim within the six-year statute of limitations). Here, Plaintiff appears to be arguing that his only method of accessing the property was via the River Road, which Defendant flooded, thereby preventing him from discovering the alleged taking. There are issues of fact as to whether Plaintiff could have seen the hole and whether and/or when his access to this site was blocked by the Corps' flooding of the River Road. As such, the Court cannot determine if Plaintiff's injury was inherently unknowable on this record.

## Conclusion

Defendant's motion to dismiss is **DENIED** without prejudice, pending further development of the record.

The Court will conduct a status conference on **July 16, 2007, at 11:30 a.m.** to schedule further proceedings.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**