**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ROBERT INGRUM,** | ) | |
| | ) | **No. 07-12L** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Hon. Mary Ellen Coster Williams** |
| | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ANSWER TO COMPLAINT**

Defendant hereby submits its Answer to the Complaint, responding to each paragraph as numbered by Plaintiff as follows:

1.1 Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 1.1.

1.2 Defendant, the United States of America, denies that it acted by and/or through the United States Army Corps of Engineers.

2.1 The allegations in paragraph 2.1 are a characterization of plaintiff's case to which no response is required. To the extent that a response is deemed required, the United States denies that it has taken any property owned by the Plaintiff, denies that it has impaired the full use of Plaintiff's property, and denies that it acted by or through the Army Corps of Engineers.

3.1 Paragraph 3.1 contains a statement of law to which no response is required. To the extent a response is deemed required, the United States denies that this court has jurisdiction over this controversy because it is time-barred under 28 U.S.C. § 2501.

4.1 Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.1.

4.2 Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 4.2 regarding access to the subject property. Defendant admits that the U.S. Border Patrol uses the River Road to interdict narcotics and smugglers. Defendant admits that a department of the federal government completed repairs to the River Road in April, 1999, but denies that such repairs were performed by the Army Corps of Engineers. Any remaining material allegations contained in paragraph 4.2 to which a response is deemed required are denied.

4.3 Defendant admits that the River Road crosses the property that Plaintiff alleges he owns. Defendant admits that it obtained a written "Right of Entry" from Plaintiff dated March 13, 1999, permitting Defendant to enter Plaintiff's land to repair the road. Any remaining material allegations contained in paragraph 4.3 to which a response is deemed required are denied.

4.4 Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the drainage of the road and regarding the conditions of the access point to the property each time that Plaintiff attempted to visit. Any remaining material allegations contained in paragraph 4.4 to which a response is deemed required are denied.

4.5 Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding what Plaintiff learned from a neighboring property owner. Paragraph 4.5 contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the remaining allegations contained in 4.5.

5.1 Paragraph 5.1 re-alleges the allegations asserted in paragraphs 1.1 through 4.5 and no response is required. To the extent that a response is deemed required, Defendant re-alleges and incorporates by reference its responses to the enumerated paragraphs, above.

5.2 Denied.

5.3 Denied.

The United States denies that Plaintiff is entitled to any relief sought in his Prayer for Relief.

The United States denies any allegation not specifically admitted and to which a response is deemed required.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

This Court does not have jurisdiction over this action because it is time-barred under 28 U.S.C. § 2501.

### THIRD DEFENSE

Defendant acquiesced to, or granted permission to the United States for, the use of materials located on his property for the construction and/or maintenance of the subject road.

### FOURTH DEFENSE

Plaintiff was not the owner of the subject property at the time materials may have been used to construct or repair the subject road and, therefore, does not have standing.

**FIFTH DEFENSE**

If Plaintiff is entitled to any compensation, and the United States asserts he is not, the United States is entitled to a set-off measured by the value of the road to, or benefit derived therefrom by, the Plaintiff.

Respectfully submitted,

RONALD J. TENPAS
Environment & Natural Resources Division
Acting Assistant Attorney General

Dated: July 10, 2007

/s/ Bruce K. Trauben
Bruce K. Trauben
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0238 (phone)
(202) 305-0267 (fax)

OF COUNSEL:
Major Patrick Gary
U.S. Army Litigation
901 N. Stuart Street
Suite 400
Arlington, VA 22203
(703) 696-1618