IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT INGRUM<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 07-12L<br>Judge Mary Ellen Coster Williams |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to the Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), the Parties hereby submit this Joint Preliminary Status Report as follows:

**A. Does the court have jurisdiction over the action?**

Plaintiff

Yes.

Defendant

Defendant contends that the Court does not have jurisdiction because this action is time barred pursuant to 28 U.S.C. § 2501.

**B. Should the case be consolidated with any other case and, if so, why?**

No. The parties do not believe the case should be consolidated with any other.

**C. Should trial of liability and damages be bifurcated and, if so, why?**

No. At this time, the parties do not believe that trial of liability and damages should be bifurcated. The parties reserve their right to request bifurcation if it later should

appear to be more cost-effective or expedient.

**D. Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?**

No.

**E. In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?**

No.

**F. Will additional parties be joined? If so, the parties shall provide a statement describing such parties, their relationship to the case, the efforts to effect joinder, and the schedule proposed to effect joinder.**

No.

**G. Does either party intend to file a motion pursuant to Rule 12(b), 12(c) or 56 and, if so, what is the schedule for the intended filing?**

Pursuant to the Court's Scheduling Order of July 16, 2007, Defendant anticipates re-filing its Rule 12(b) motion to dismiss for lack of jurisdiction on or before January 25, 2008.

**H. What are the relevant factual and legal issues?**

<u>Plaintiff</u>

1. <u>Factual Issues</u>

(a) Did the Defendant convert Plaintiff's property for use in the road project without Plaintiff's permission?

(b) What was the fair market value of the property so converted by the Defendant?

2. Legal Issues

(a) Whether Plaintiff's claims are barred by the statute of limitations, 28 U.S. C. § 2501.

Defendant

1. Factual Issues

(a) With respect to the material removed from the pit found on Plaintiff's land:

(i) what kind of material was removed from the pit?

(ii) how much material was removed?

(iii) when was material removed from the pit?

(iv) who removed any material from the pit?

(v) where was the material deposited? and

(vi) who owns the land where the material was deposited?

(b) Plaintiff's knowledge of the pit, including his alleged attempts to view his property.

(c) The location, size and visibility of the pit allegedly found on Plaintiff's property.

(d) Plaintiff's discovery of the pit, including his neighbor's discovery of the pit and communications with Plaintiff.

(e) The condition of the road by which Plaintiff would access his property during the relevant time period.

(f) The cause of any flooding of the road as alleged by Plaintiff.

2. Legal Issues

(a) Whether Plaintiff's claims are barred by the statute of limitations, 28 U.S. C. § 2501.

(b) Whether there was a taking.

(c) If there was a taking for which the United States is liable, whether Plaintiff sustained any damages and, if so, the quantum of damages.

(d) Whether the United States is entitled to a set-off against any assessed damages and, if so, the quantum of that set-off.

**I. What is the likelihood of settlement?**

It is premature to reach any conclusions regarding whether settlement is likely.

**J. Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?**

Plaintiff

If not disposed of by motion or settlement, Plaintiff anticipates proceeding to trial.

Defendant

Defendant anticipates that this action will be decided upon motion.

**K. Are there special issues regarding electronic case management needs?**

No.

**L. Is there other information of which the court should be aware at this time?**

No.

Although this Joint Preliminary Status Report is being filed by counsel for Defendant, it also is being filed on behalf of Plaintiff with the approval of Plaintiff's counsel.

Respectfully submitted,

Dated: August 3, 2007

/s/ John C. Carsey

John C. Carsey
Minton, Burton, Foster & Collins, P.C.
1100 Guadalupe Street
Austin, TX 78701-2198
(512) 476-4873 phone
(512) 479-8315 fax
Attorney for Plaintiff

Dated: August 3, 2007

/s/ Bruce K. Trauben

Bruce K. Trauben
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0238 phone
(202) 305-0267/0506 fax
Attorney for Defendant