# EXHIBIT 4

# RATTIKIN TITLE COMPANY

May 21, 1998

Via U.S. Mail
Alan L. Wittenberg*
Attorney/Mediator
Preston Plaza Tower, Suite 800
8300 Douglas Avenue
Dallas, Texas 75225
Fax No. (214) 706-9114

Re: Our GF#DT-97C24204-LET
Property Earnest Money Contract by and between The Chanosky Estate Trust, (David Ritzwoller, Trustee, M.H. Herzfeld Trustee ("Seller") and Mr. and Mrs. Bob Ingrum ("Buyer")
3276.58 acres Presidio County, Texas

Dear Alan:

In regard to the above, we received the earnest money contract and earnest money in the amount of $ 15,000.00, in the form of a personal check, subject to collection on Friday, May 15, 1998. We have blended the pages of the contract so that we have original signatures on our copy of the contract. The earnest money is being held in a non interest bearing account. Please note that here was no effective date in the contract. The only date in the contract is the acknowledgment date of May 11, 1998. (Enclosed is a copy of the blended contract for your records).

At your earliest convenience, please provide us with the name, address and phone number of the surveyor.

Upon receipt of this letter and enclosures, should you have any questions or concerns please do not hesitate to call me at (817) 334-1324 or my assistant, Shirley Mills, at (817) 334-1325.

Very truly yours,

Larry Townsend,
Senior Vice President

LET:sm
enclosures

xc: Mr. and Mrs. Bob Ingrum (wletter & enclosures)
815 Castle Ridge
Austin, Texas 78746

The Chasnosky Estate Trust (w/letter & enclosures)
c/o Alan L. Wittenberg
8300 Douglas Ave. Suite 800
Dallas, Texas 75225

Burton Gilbert, Esq. (w/letter & enclosures)
Gilbert & Colvin
801 Cherry St., Suite 1035
Fort Worth, Texas 76102
Fax No. (817) 338-9209

DEPOSITION EXHIBIT 3 Ingrum SW 12-10-07

P.S.:

Alan:

Please call me to discuss Schedule A3, the Sellers listed in the contract, and Schedule C, Item 5c. Additionally your earliest convenience, please furnish us with a copy of the Trust for our review and possible additional requirements.

# PROPERTY EARNEST MONEY CONTRACT

1. **PARTIES:** The Chanosky Estate Trust, (David Ritzwoller, Trustee, M.H. Herzfeld, Trustee) (Seller) agrees to sell and convey to Mr. and Mrs. Bob Ingrum (Buyer) and Buyer agrees to buy from Seller the property described below.

2. **PROPERTY:**

<u>Presidio County Property</u> **3276.58 acres @ $30.00 per acre..........<u>$ 98,297.40</u>**

Volume 28-B No. 180 which covers 657.73 acres of land and described as Survey 14, Block 2, Certificate 1/671 T&P Railway Co. - Recorded in Vol 127, pages 470-471, Presidio County, Texas T & P ADDN BLK 2 LOT 14 2 SEC 14 T&P ABST 9784

Volume 28-B No. 181 which covers 656.93 acres of land and described as Survey 15, Block 2, Certificate 1/672 T&P Railway Co. - Recorded in Vol 127, pages 471-472, Presidio County, Texas T & P ADDN BLK 2 LOT 15 2 SEC 15 T&P ABST 9785

Volume 28-B No. 182 which covers 658.2 acres of land and described as Survey 16, Block 2, Certificate 1/672 T&P Railway Co.- Recorded in Vol 127, pages 472-473, Presidio County, Texas T & P ADDN BLK 2 LOT 16 2 SEC 16 T&P ABST 9786

Volume 28-B No. 183 which covers 649.58 acres of land and described as Survey 17, Block 2, Certificate 1/673 T&P Railway Co. - Recorded in Vol 127, pages 473-474, Presidio County, Texas T & P ADDN BLK 2 LOT 17 2 SEC 17 T&P ABST 9787

Volume 28-B No. 179 which covers 654.14 acres of land and described as Survey 18, Block 2, Certificate 1/673 T&P Railway Co. - Recorded in Vol 127, pages 469-470, Presidio County, Texas T & P ADDN BLK 2 LOT 18 2 SEC 18 T&P ABST 9735

<u>Howard County Arkansas 1/4 Mineral Interest</u> ........................ **<u>$ 200.00</u>**

Undivided 1/4 mineral interest reserved in Deed from the Chanosky Estate Trust to Nekoosa Papers, Inc. in 100 acres of land being the NW One-Quarter (1/4) of the SW One-Quarter (1/4) of Section Twelve (12), NW One-Quarter (1/4) of the NE One-Quarter (1/4) of Section Twenty-Three (23) and the West One-Half (½) of the

NW One-Quarter (1/4) of Section Twenty (20), all in Township Ten (10), Range Twenty-Eight (28), Howard County, Arkansas.

Being mineral interests reserved by Grantor in conveyance to Nekoosa Papers, Inc.

Conoco Royalty Interest........................................ $ 2,500.00

| | |
|---|---|
| Property: | TX 3711400 |
| Property Name: | HEMMI, THERESIA "B" |
| | DIMOCK OPERATING CO. |
| | LOT 61 BLK-3 CLARK & PLUMB |
| County: | ARCHER |
| State: | OKLAHOMA |
| Owner #: | 3986620 |

| | |
|---|---|
| Property: | TX 3710700 |
| Property Name: | HEMMI, THERESIA "D" |
| | DIMOCK OPERATING CO. |
| | LOT 61 BLK-3 CLARK & PLUMB |
| County: | ARCHER |
| State: | OKLAHOMA |
| Owner #: | 39866200 |

Wichita Falls, Texas - Vacant Lot................................ $ 1,000.00

Location: ALL BLK 18 SIBLEY TAYLOR
2301 BROAD ST.
WICHITA FALLS, TEXAS

3 **CONTRACT SALES PRICE:**

| | | |
|---|---|---|
| A. | Cash portion of Sales Price payable by Buyer by Cashiers Check | $ 101,997.40 |
| B. | Sum of financing described below | NA |
| C. | Sales Price (Sum of A and B) | $ 101,997.40 |

4. **FINANCING:** Not Applicable

5. **EARNEST MONEY:** Buyer shall deposit $15,000.00 as Earnest Money in the form of

a cashier's check, with Radikin Title at 611 Throckmorton St., Ft. Worth, Texas 76102, as Escrow Agent, upon execution of this contract by both parties. If Buyer fails to deposit the Earnest Money as required by this contract, Buyer shall be in default.

6. **TITLE POLICY, ABSTRACT AND SURVEY:**

A. TITLE POLICY: To be furnished by Seller

B. ABSTRACT OF TITLE: None Required

C. SURVEY REQUIRED: Buyer and seller shall each pay one half (½) of the cost of a survey of the Presidio County land, not to exceed $7,500.00 each.

If objections are made by Buyer or any third party lender, Seller shall cure the objections within 20 days after the date Seller receives them and the Closing Date shall be extended as necessary. If objections are not cured by the extended Closing Date, this contract shall terminate and the Earnest Money (less ½ the cost of the survey) shall be refunded to Buyer unless Buyer elects to waive the objections.

**NOTICE TO SELLER AND BUYER:**

(1) Buyer is advised to have an Abstract covering the Property examined by an attorney of Buyer's selection, or Buyer should be furnished with or obtain a Title Policy. If a Title Policy is furnished, the Commitment should be promptly reviewed by an attorney of Buyer's choice due to the time limitations on Buyer's right to object.

(2) If the Property is situated in a utility or other statutorily created district providing water, sewer, drainage, or flood control facilities and services, Chapter 50 of the Texas Water Code requires Seller to deliver and Buyer to sign the statutory notice relating to the tax rate, bonded indebtedness, or standby fee of the district prior to final execution of this contract.

(3) Buyer is advised that the presence of wetlands, toxic substance including lead base paint or asbestos and waste or other environmental hazards or the presence of a threatened or endangered species or its habitat may affect Buyer's intended use of the Property. If Buyer is concerned about these matters, an addendum either promulgated by TREC or required by the parties should be used.

7. **PROPERTY CONDITION:**

**Buyer has been on the property and knows its present condition and the proposed sale is as is, where is and in present condition. There is no warranty and no representation**

as to condition.

Buyer is aware that the Property is subject to The Texas Relinquishment Act. Under this Act, the property owner acts as an agent for the State of Texas. In the event of an oil and gas lease or royalties, the State of Texas gets one half (½) and in the event of production, the surface owner will get one-sixteenth (1/16) of production and the State of Texas will get one-sixteenth (1/16) of production.

8. **BROKER'S REPRESENTATION AND FEES:** NONE

9. **CLOSING:** The closing of the sale shall be within 90 days of the execution of this agreement, or within 7 days after objections to title have been cured, whichever date is later (the Closing Date); If either party fails to close this sale by the Closing Date, the non-defaulting party shall be entitled to exercise the remedies contained in Paragraph 14. Seller agrees to pay all delinquent taxes out of the proceeds from the sale and will furnish buyer tax statements or certificates showing the amount of said delinquent taxes and a General Warranty Deed conveying good and indefeasible title showing no additional exceptions to those permitted in Paragraph 6. Seller agrees to pay any fees due for his portion of the cost of the survey of the property (½ of the total, not to exceed $7,500.00) directly to surveyor out of the proceeds of the sale immediately at closing.

10. **POSSESSION:** The possession of the Property shall be delivered to Buyer at closing.

11. **SPECIAL PROVISIONS:** Seller does not warrant that former lessee, Abel Telez is currently, or will in the future, lease any portion of the property from buyer. Further, seller makes no representation whether Abel Telez or any other person is using the land at the time of closing without permission of seller.

12. **SALES EXPENSES:** The following expenses shall be paid at or prior to closing:

A. Loan appraisal fees, if any shall be paid by the buyer.

B. Seller's Expenses: Releases of existing liens including prepayment penalties and recording fees; release of Seller's loan liability; tax statements or certificates; preparation of deed; one-half of escrow fee; and other expenses stipulated to be paid by Seller under other provisions of this contract.

C. Buyer's Expenses: Application, origination and commitment fees; expenses incident to new loan(s): (for example, preparation of any note, deed of trust, and other loan documents, recording fees, tax service and research fees, warehouse or underwriting fees, copies of restrictions and easements, amortization schedule, premiums for mortgagee title policies and endorsements required by lender; credit

reports, photos); any required reserve deposits for ad valorem taxes and special governmental assessments; interest on all monthly installment payment notes from date of disbursements to one month prior to dates of first monthly payments; one-half of escrow fee and expenses stipulated to be paid by Buyer under other provisions of this contract.

E. If any sales expense exceeds the amount stated in this contract to be paid by either party, either party may terminate this contract unless either party agrees to pay such excess.

13. **PRORATIONS AND ROLLBACK TAXES:**

A. PRORATIONS. Current taxes, any rents, if any, maintenance fees and assessments, shall be prorated through the Closing Date. If ad valorem taxes for the year in which the sale is closed are not available on the Closing Date, proration of taxes shall be made on the basis of taxes assessed in the previous year.

B. ROLLBACK TAXES. If this sale or Buyer's use of the Property after closing results in the assessment of additional taxes for periods prior to closing, the additional taxes shall be the obligation of the Buyer. If Seller's change in use of the Property prior to closing or denial of a special use valuation on the Property claimed by Seller results in the assessment of additional taxes for periods prior to closing, the additional taxes shall be the obligation of Seller. Obligations imposed by this paragraph shall survive closing.

14. **DEFAULT:** If Buyer fails to comply with this contract, Buyer shall be in default. Seller may either (a) enforce specific performance, seek such other relief as may be provided by law, or both, or (b) terminate this contract and receive the Earnest Money as liquidated damages, thereby releasing both parties from this contract. If Seller is unable, without fault, to comply with this contract within the time allowed, Buyer may either terminate this contract and receive the Earnest Money (less ½ the cost of the survey) as the sole remedy or extend the time for performance up to 15 days and the Closing Date shall be extended as necessary. If Seller fails to comply herewith for any other reason, Seller shall be in default and Buyer may either (a) enforce specific performance, seek such other relief as may be provided by law, or both, or (b) terminate this contract and receive the Earnest Money, thereby releasing both parties from this contract.

15. **ATTORNEY'S FEES:** If Buyer, Seller or Escrow Agent is a prevailing party in any legal proceeding brought under or with relation to this contract, such party shall be entitled to recover from the non-prevailing parties all costs of such proceeding and reasonable attorney's fees.

16. **ESCROW:** The Earnest Money is deposited with Escrow Agent with the understanding

that Escrow Agent is not (a) a party to this contract and does not have any liability for the performance or non-performance of any party to this contract (b) liable for interest on the Earnest Money or (c) liable for any loss of Earnest Money caused by the failure of any financial institution in which the Earnest Money has been deposited, unless the financial institution is acting as Escrow Agent. If either party makes demand for the payment of the Earnest Money, Escrow Agent has the right to require from all parties a written release of liability of Escrow Agent for disbursement of the Earnest Money. Any refund or disbursement of Earnest Money under this contract shall be reduced by the amount of unpaid expenses incurred on behalf of the party receiving the Earnest Money, and Escrow Agent shall pay the same to the creditors entitled thereto. At closing, the Earnest Money shall be applied to any cash down payment, then to Buyer's closing costs and any excess refunded to Buyer. Demands and notices required by this paragraph shall be in writing and delivered by hand delivery or by certified mail, return receipt requested.

17. **REPRESENTATIONS:** Seller represents that as of the Closing Date (a) there will be no liens, assessments, Uniform Commercial Code or other security interests against any of the Property which will not be satisfied out of the Sales Price, unless securing payment of any loans assumed by Buyer and (b) assumed loans will be without default. If any representation in this contract is untrue on the Closing Date this contract may be terminated by Buyer and the Earnest Money (less ½ the cost of the survey) shall be refunded to Buyer. All representations contained in this contract and an agreement for mediation shall survive closing.

18. **NOTICES:** All notices shall be in writing and effective when mailed to or hand-delivered at the addresses shown below.

19. **FEDERAL TAX REQUIREMENT:** If Seller is a "foreign person", as defined by applicable law, or if Seller fails to deliver an affidavit that Seller is not a "foreign person", then Buyer shall withhold from the sales proceeds an amount sufficient to comply with applicable tax law and deliver the same to the Internal Revenue Service together with appropriate tax forms. IRS regulations require filing written reports if cash in excess of specified amounts is received in the transaction.

20. **USE AND UTILITIES:** The intended use of the Property by Buyer is unimproved ranch and/or agricultural land. Utilities required at the Property for such use are [X] None.

21. **AGREEMENT OF PARTIES:** The contract contains the entire agreement of the parties and cannot be changed except by their written agreement. Addenda which are a part of this contract are: NONE

22. **CONSULT YOUR ATTORNEY:** This is intended to be a legally binding contract. **READ IT CAREFULLY.** If you do not understand the effect of this contract, consult your attorney **BEFORE** signing.


T. & P. RY. CO.
BLK. 2
RIO GRANDE
18
17
16
15
14
Sketch to accompany
Surveys 14, 15, 16, 17, and 18
in PRESIDIO COUNTY
Surveyed March to May, 1957
JOHN F. BAKER
Licensed State Land

BUYER'S ATTORNEY AND ADDRESS:

______________________________
______________________________
______________________________
______________________________

SELLER'S ATTORNEY AND ADDRESS:

Alan L. Wittenberg, Esq.
Preston Plaza Tower, Suite 800
8300 Douglas Ave.
Dallas, Texas 75225
Tel: (214) 706-9110
Fax: (214) 706-9114

EXECUTED in multiple originals on ______________________, 1997.

**BUYERS**

Robert L. Ingrum
Mr. Bob Ingrum

Mrs. Bob Ingrum
Mrs. Bob Ingrum (Margaret)

ADDRESS AND TELEPHONE:
815 Castle Ridge
Austin, Texas 78746
(512) 327-1366

**SELLERS**

______________________________
David Ritzwoller, Trustee
for The Chanosky Estate Trust

BUYER'S ATTORNEY AND ADDRESS:

______________________________
______________________________
______________________________
______________________________

SELLER'S ATTORNEY AND ADDRESS:

Alan L. Wittenberg, Esq.
Preston Plaza Tower, Suite 800
8300 Douglas Ave.
Dallas, Texas 75225
Tel: (214) 706-9110
Fax: (214) 706-9114

EXECUTED in multiple originals on ______________________, 1998.

**BUYERS**

______________________________
Mr. Bob Ingrum

______________________________
Mrs. Bob Ingrum (Margaret)

ADDRESS AND TELEPHONE:
815 Castle Ridge
Austin, Texas 78746
(512) 327-1366

**SELLERS**

By David Ritzwoller
David Ritzwoller, Trustee
for The Chanosky Estate Trust

M.H. Herzfeld, Trustee
for The Chanosky Estate Trust

ADDRESS AND TELEPHONE:

The Chanosky Estate Trust
c/o Alan L. Wittenberg
8300 Douglas Ave., Suite 800
Dallas, Texas 75225
Tel: (214) 706-9110
Fax: (214) 706-9114

PREPARED IN THE OFFICES OF:

Alan L. Wittenberg
8300 Douglas Ave., Suite 800
Dallas, Texas 75225
Tel: (214) 706-9110
Fax: (214) 706-9114

SIGNED AND SWORN to before me on May 11, 1998.

Melissa Courtney
Notary Public, State of Texas

MELISSA COURTNEY
Notary Public
STATE OF TEXAS
My Comm. Exp. 09/29/2001

My commission expires on 9-29-2001

____________________________
M.H. Herzfeld, Trustee
for The Chanosky Estate Trust

ADDRESS AND TELEPHONE:

The Chanosky Estate Trust
c/o Alan L. Wittenberg
8300 Douglas Ave., Suite 800
Dallas, Texas 75225
Tel: (214) 706-9110
Fax: (214) 706-9114

PREPARED IN THE OFFICES OF:

Alan L. Wittenberg
8300 Douglas Ave., Suite 800
Dallas, Texas 75225
Tel: (214) 706-9110
Fax: (214) 706-9114