# EXHIBIT 7

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **ROBERT INGRUM** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 07-12L** |
| | ) | **Judge Mary Ellen Coster Williams** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules of the United States Court of Federal Claims, Plaintiff, Robert Ingrum produces the following responses to Defendants first set of interrogatories and requests for production of documents:

Respectfully submitted,

MINTON, BURTON, FOSTER & COLLINS
A Professional Corporation
1100 Guadalupe Street
Austin, Texas 78701
Telephone: (512) 476-4873
Facsimile: (512) 479-8315

By: John C. Carsey /s/
John C. Carsey

ATTORNEYS FOR PLAINTIFF
ROBERT INGRUM

**INTERROGATORIES**

1. Please identify as precisely as possible on a map or plat drawn to scale or on a photograph, indicating the scale, the location of the pit allegedly left on Plaintiff, s property by Defendant, including the borders of the pit, depicting the relationship of the pit to any and all roads or trails, and identifying the points on the map from which the pit may be observed.

**Road through the property is approximately 2 ¾ miles. The gravel pit is about half way down and close to the road. Size of the pit is approximately 175' x 200' with a depth of 20' plus or minus at the cut. There are smaller pits along the road.**

2. Please identify the individual who allegedly brought to Plaintiff, s attention the pit allegedly left on Plaintiff's property by Defendant.

**A migrant worker who worked part of the year on the adjoining ranch as a ranch hand used to take the back trail by horseback or four-wheeler through my property down to the river to fish. He told me they had taken a lot of gravel off the ranch.**

3. Please identify with as much detail as possible each and every visit made by you to the property at issue at any time (whether on land or by air), including but not limited to the date of the visit, the time of day, the length of time spent on the property, your mode of transportation to the property (for example, by car, plane, helicopter, SUV, truck, etc.), your mode of transportation while on or over the property (for example, by car, plane, helicopter, SUV, truck, ATV, by foot, etc.), a description of the area of the property visited, the identity of any and all individuals who observed your visit to the property, and indicating which of each visit to the property included a visit to the area where the alleged pit is located.

**I made many trips out there prior to March 1999 as I had had the property under contract for quite a while. Negotiations were difficult and time consuming because there were a lot of heirs.**

4. Please state with as much detail as possible the basis for your contention that a pit was dug on your property by the Defendant from March through April, 1999.

**I was attempting to resell part of the property and to have an interested buyer from when the property did close. I showed the property quite a bit and was very familiar with the road through the ranch. Once the government started rebuilding the road in March, I was unable to enter the ranch. An interested buyer said that the men working on the road were just out of boot camp and were practicing road building. After they left, they had created a lake in the first few hundred feet of the road making the middle of the road lower than the sides so whenever it rained water ran down the middle and stayed there. That portion of the road – several hundred feet – has been full of water and deep mud pretty much constantly ever since. The road has not been passable for even one day this year. The U.S. Border Patrol has access to every vehicle known to man-kind – from a hummer to several kinds of SUV's and four-wheelers – and they have been unable to access the property all year. In late 2004 I heard that a large amount of gravel had been taken off the ranch. Early in 2005, I walked back there and discovered the pit, took pictures, and had my Red Wing boots sucked off my feet in the deep much and walked out barefoot. I have heard they "re-built" 15-20 miles of road through there. I also heard the government had 3 or 4 of everything from maintainers, bulldozers, trucks and rollers. Presidio County is one of the poorest, least populated counties in the United States and Candelaria (the ranch is about 4 miles up-river) is a remote town of adobe building and house trailers and with population of about 75 people. These are either elderly or migrant workers. Presidio County's only road equipment appears to be one old beat-up maintainer. No one can recall any county equipment going up-river from Candelaria. The government built a gymnasium-size building and had a full company of men in the Candelaria area working on the road. I have called the Border Patrol many times during the last few years to see if the road is open and have talked to a lot of different Border Patrol agents at the Marfa office, the Alpine office, the Presidio office and the station five miles south of Marfa on Hwy 67.**

5. Please describe with as much detail as possible, the material allegedly taken by the Defendant from the pit, including but not limited to the composition of the material and the volume of material in cubic yards and tonnage, and the methodology used to measure or estimate the volume of material allegedly removed from the pit.

**The nearest gravel pit is located in Presidio, about 50 miles down –river. A 14-yard**

**truckload would cost $175.00 delivered. Each truckload would cover about 20 feet of road and cost $46,200.00 per mile. Looks to me like they re-built 15020 miles of road. If you figure on 7 miles times the $46,200.00 per mile, you have your $324,000.00. No telling how much more gravel was taken for the rest of the road that was built.**

6. Please state in detail all facts relating to your claim that the material allegedly removed from your property by Defendant was worth $324,000.00 at the time it allegedly was taken, and please identify the source(s) for your information relating to the alleged value of the material.

**See response to #5.**

7. Please identify all facts relating to your contention that the material allegedly removed from the pit was taken off of your property, specifying where and how the material allegedly removed from the pit by Defendant was used, and indicating whether the location to which the material was allegedly taken is owned by you.

**See response to #5. The gravel was used on public road #170.**

8. Please identify each and every time you attempted to visit the property after April, 1999, <u>but failed to do so</u>, explaining in as much detail as possible, the date of your attempt, the weather conditions, the conditions of your property that you observed, where you attempted to access the property, the road or trail used in your attempt to access the property, how you attempted to access the property including but not limited to the mode of transportation used and whether any alternative mode of transportation was sought and/or used at the time of each thwarted attempt to access the property, why you could not access the property, and the identity of any and all individuals who may have observed each attempt to access your property.

**After the government ruined the road, I rarely went out there. I called the U.S.**

**Borad Patrol many times.**

9. Please describe each and every time after April, 1999, that you contacted someone for information about the accessibility or conditions of your property, including but not limited to the date of each contact, the identity of the person contacted, and the information you obtained from that person.

**See response to #8.**

10. Please identify the purchase price of the property.

**Unknown.**

11. Please identify the roads you use to travel from your home in or near Austin, Texas to the property at issue, including the type and distance, in miles, of the roads you use (such as city street, inter-state highway, the number of lanes, etc.), whether paved or unpaved, and the time it takes to traverse each road.

**IH 35 – Hwy 90 – Hwy 67 – 170. All paved to Candelaria. Trip takes about 12 hours from Austin, Texas.**

12. Please identify all facts that relate to your contention that the road or roads by which you access your property were rendered impassable by actions of Defendant, including but not limited to a description of the work performed by Defendant, when the work was performed by Defendant, the condition of the road(s) prior to and after the work allegedly was performed by Defendant, including the drainage conditions of the road, and the basis of your knowledge relating to the work on the road(s) and their condition, including when and how you learned of the work and observed the road conditions.

**See #4. Remember I had the property under contract for roughly 2 years**

**(negotiations were long and difficult due to the many heirs – many of which had not been heard from in years) prior to the government showing up and was out there many times. The road was drivable in a pickup 11 months or more each year. After the government showed up and made the lake, it is closed most of the time and has not been passable one day this year.**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Please produce a copy of all maps, plats and photographs in your possession or control that include a depiction or photograph of your property, including but not limited to any and all such maps, plats and photographs that depict the pit allegedly left on your property by Defendant.

**All documents such as they exist will be produced**

2. Please produce any and all documents relating to or regarding the pit allegedly left on your property by Defendant, including but not limited to any and all documents that relate to or reflect the communication by which you allege that you first learned of the existence of the pit on property.

**All documents such as they exist will be produced**

3. Please produce any and all documents that relate to every visit made by you to the property at issue at any time, including but not limited to any notes, memoranda, pictures, bills, invoices, receipts, and correspondence.

**All documents such as they exist will be produced**

4. Please produce any and all documents relating to your contention that a pit was dug on your property by Defendant during the period from March through April, 1999.

**All documents such as they exist will be produced**

5. Please produce any and all documents that relate to or reflect the composition and volume in cubic yards and tonnage of the material allegedly removed from your property by Defendant, including but not limited to any and all documents that were generated when

measuring or estimating the volume of material allegedly removed from the pit.

**See Response to Interrogatory #5.**

6. Please produce any and all documents that relate to the value of the material allegedly removed from your property by Defendant.

**See Response to Interrogatory #5.**

7. Please produce any and all documents that relate to your contention that the material allegedly removed from the pit was taken off of your property by Defendant.

**See Response to Interrogatory #5.**

8. Please produce any and all documents that relate to each and every time you attempted to visit the property after April, 1999, but failed to do so, including but not limited to any notes, memoranda, pictures, video, bills, invoices, receipts, and correspondence.

**All documents such as they exist will be produced**

9. Please produce any and all documents that relate to each and every time after April, 1999, that you contacted someone for information about the accessibility or conditions of your property, including but not limited to notes, memoranda, correspondence, telephone bills or any other documents that may reflect the contact made.

**All documents such as they exist will be produced**

10. Please produce any and all documents that relate to the purchase price and value of the property, such as but not limited to any and all correspondence, notes, memoranda, contracts, deeds, mortgages, tax assessments, and insurance policies.

**All documents such as they exist will be produced**

11. Please produce any and all documents that reflect or constitute communications

between you and the prior owner from whom you purchased the property at issue, including but not limited to all documents that reflect or refer to the condition of the property, including any and all roads and trails on the property.

**All documents such as they exist will be produced**

12. Please produce all documents that relate to the road or roads by which you access your property, including any and all documents that relate to the work allegedly performed by Defendant on the road(s) and that relate to the condition of the road(s) at any time.

**All documents such as they exist will be produced**

13. Please produce all documents that were referred to or consulted to respond to the interrogatories propounded hereinabove.

**All documents such as they exist will be produced**

14. Please produce any and all documents, not produced in response to any request above, that you believe support or refute your claim in this action.

**All documents such as they exist will be produced**

VERIFICATION

State of Texas §
§
County of Travis §

Before me, a notary public, on this day personally appeared Robert Ingrum, known to me to be the person whose name is subscribed to the foregoing document and, declared that the statements therein contained are true and correct.

Robert Ingrum

Given under my hand and seal of office this 16th day of October, 2007.

Notary Public, State of Texas